**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| MARION P. HAMMER | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Case No. 1:25-CV-01557-PTG-LRV |
| | : |
| NATIONAL RIFLE ASSOCIATION | : |
| | : |
| Defendant. | : |
| | : |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS**

Comes now the Plaintiff / Counterclaim Defendant, Marion P. Hammer ("Hammer" or "Counterclaim Defendant") by and through her counsel, and files this Reply to the Opposition Memorandum filed by Defendant National Rifle Association ("NRA" or "Counterclaimant"), relating to Hammer's Motion to Dismiss the Amended Counterclaim.

**ARGUMENT**

**I.      NRA's Virginia Business Conspiracy Act Claim and Common Law Conspiracy Claims (Counts IV and V) Must Be Dismissed for Failure to State a Claim.**

The Court dismissed previously the NRA's Business Conspiracy and Common Law Conspiracy claims. In its Amended Counterclaims, the NRA essentially adds two allegations: First, that Hammer and LaPierre intended, when they signed the 2018 contract, not to have Hammer perform any work under the contract, and second, that they gained Audit Committee approval of the contract by failing to tell that fact to the Audit Committee.

Setting aside the eyebrow-raising ability of the NRA to assert, as a factual matter, what was inside the minds of Hammer and LaPierre in 2018, without actually communicating with either

1

(both are adverse to the NRA in various matters), the new allegation that Hammer and LaPierre intended to have Hammer perform no work is not sufficient to support the Amended Counterclaim. For one thing, the contract itself does not support the allegation. The 2018 contract provided that "Hammer will perform services … reasonably assigned by the Executive Vice President [LaPierre] *and Executive Director / ILA …"* Dkt. 38-11 ¶ 1 (emphasis supplied). The Amended Counterclaim contains no factual allegation that the Executive Director / ILA was part of the agreement not to assign work. As such, even if the Court assumes that LaPierre agreed not to assign work to Hammer, that does not make the contract a no-work contract. The Executive Director / ILA could have assigned work to Hammer.

The NRA's allegation also flies counter to the obvious inferences one would draw from the agreement. Why would LaPierre go to the trouble, as alleged, to conspire with Hammer to give her a ten-year no-work contract, when the contract it allegedly drafted allowed the NRA to terminate the agreement on 30 days' notice. There is no allegation that LaPierre intended to gain anything from this contract. There is no explanation for why he would step outside the scope of his employment (necessary to avoid the application of the intra-corporate immunity doctrine) to enter into an agreement that provided him with no benefit and only gave Hammer an illusory benefit that could be taken back on 30 days' notice.

The NRA' Amended Counterclaim does not fill these obvious common-sense gaps in its story. As such, the claims are not supported by the necessary factual foundation and should be dismissed.

2

**II.    NRA's Fraud in the Inducement Claim (Count VII) Must Be Dismissed for Failure to State a Claim.**

The NRA's fraudulent inducement claim is even thinner than the business and common law conspiracy claims. The only additional factual allegation offered to support this claim is that Hammer made false representations to the Audit Committee (apparently by way of omission) by failing to advise it that she and LaPierre had agreed she would not perform any work under the 2018 contract. *Def. Mem.*, Dkt. 61 at 400. The NRA fails to address the fact that the Executive Director / ILA could assign work to Hammer. It fails to address the fact that Hammer did not communicate with the Audit Committee at all. The NRA instead asserts that Hammer's signature on the contract is a statement to the audit committee of a fact (the alleged no-work agreement with LaPierre) omitted from the document she signed. *See* Dkt. 49 at 322. It fails to address the obvious question of why LaPierre would be engaged in a fraud from which he would not see any personal benefit. Given that fraud must be alleged with particularity and proven by clear and convincing evidence, *Noell Crane Systems GmbH v. Noell Crane and Service, Inc.,* 677 F.Supp.2d 852, 872 (E.D.Va. 2009), the fraud allegations in the amended counterclaims fall short.

**CONCLUSION**

WHEREFORE, Counterclaim Defendant Hammer requests that the Amended Counterclaims be dismissed, with prejudice.

Respectfully submitted,

_/s/ John C. Cook_
John C. Cook, Esq. Bar #38310
Cook Legal Solutions, PLLC
3975 University Drive, Suite 360
Fairfax, VA 22030
Ph. (703) 537-0023
Fx. (571) 520-9836
jcook@cooklegalsolutions.com
*Counsel for Plaintiff Marion Hammer*

Richard E. Coates, Esq.
COATES LAW FIRM PL
115 East Park Avenue, Unit 1
Tallahassee, FL 32301
rcoates@rcoateslaw.com
*Counsel for Plaintiff*
*(not admitted in Virginia)*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of March 2026, I served a copy of the foregoing Reply

Memorandum upon the following via the CM/ECF system:

Jeremy Steven Schneider
Jackson Lewis P.C. (Reston)
11790 Sunrise Valley Drive
Suite 400
Reston, VA 20191
(T) 703-483-8300
Jeremy.Schneider@jacksonlewis.com
*Attorney for Defendant*

Brian Lee Hayden, Esq.
JACKSON LEWIS PC (Jacksonville)
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
(T) 904-638-2669
(F) 904-638-2656
Brian.hayden@jacksonlewis.com
*Attorney for Defendant (not admitted in Virginia)*

*/s/ John C. Cook* _____
John C. Cook

4