**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

MARION P. HAMMER,

      Plaintiff,

      v.

THE NATIONAL RIFLE ASSOCIATION
OF AMERICA

      Defendant.

Case No.: 1:25-cv-01557-PTG-LRV

## DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE ELECTRONIC DEVICES FOR INSPECTION AND TO FULLY RESPOND TO INTERROGATORIES

Defendant The National Rifle Association of America, by counsel and in accordance with Fed. R. Civ. P. 37(a)(3)(B)(iv) and Local Civil Rule 37(A), hereby moves this Court for an Order compelling Plaintiff Marion P. Hammer to provide her electronic devices for inspection as requested (and not objected to) in discovery, and to fully respond to three interrogatories. In support of its Motion, NRA states as follows:

1.      Ms. Hammer has sued the NRA for breach of contract, claiming that the NRA lacked the authority to terminate a contracting agreement she signed in December 2017. Dkt. No. 1. Ms. Hammer attached to her verified complaint a version of that agreement (Dkt. No. 1, ¶ 21 and Dkt. No. 1-1) that did not contain a Section 2.C., which in all prior agreements stated: "[e]ach party may, in its sole discretion, terminate this Agreement, with or without cause, immediately upon 30 days written notice." *See* Dkt. Nos. 38-1 through 38-10.

2.      The NRA's version of the contracting agreement Ms. Hammer signed by Ms. Hammer ("2018 Contracting Agreement) does contain the same Section 2.C. as all other prior contracting agreements between Ms. Hammer and the NRA. Dkt. No. 38-11.

3.      The NRA terminated the 2018 Contracting Agreement in accordance with Section 2.C.

4.      A key issue in this case, and the issue Ms. Hammer's breach of contract will turn on, is which of the competing contracts is the true contract. Ms. Hammer has denied that she or anyone acting on her behalf altered the version of the 2018 Contracting Agreement she attached to her Complaint. *See* Ex. 1 (Hammer RFA 25 response).

5.      In discovery, Ms. Hammer denied having the original of the 2018 Contracting Agreement she signed and denied having any drafts or any documents reflecting her sending or receiving any version of the 2018 Contracting Agreement at any time. *See* Ex. 2 (excerpts from M. Hammer responses to NRA document requests, Request Nos. 8, 10, 12, 14, and 16).

6.      Also in discovery, the NRA sought a forensically-sound copy of any electronic devices Ms. Hammer used between January 1, 2017 and the present, and offered to pay to have that copying done. Ex. 2 (excerpts from M. Hammer responses to NRA document requests, Request No. 20). While Ms. Hammer objected on the grounds that the request was "vague and ambiguous" and "overly broad and unduly burdensome" (*Id.*), she provided no explanation to support these objections. *See, e.g., Walsh v. Kynd Hearts Home Healthcare, LLC,* No. 2:20cv630, 2022 U.S. Dist. LEXIS 235156, at *9 (E.D. Va. Sep. 1, 2022) ("Merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection and does not satisfy the opposing party's burden of showing with specificity why a request is objectionable. … A party's failure to make *specific legitimate objections* to particular interrogatories or requests

for production within the time allowed may result in a court deeming any objections waived.") (cleaned up) (italics in original); *Spendlove v. RapidCourt, LLC*, No. 3:18-cv-856, 2019 U.S. Dist. LEXIS 220392, at *7 (E.D. Va. Dec. 23, 2019) ("[O]bjections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Despite these ineffective objections, Ms. Hammer said her counsel would consider a proposal for reviewing her devices in Florida. To that end, on April 21, 2026, NRA sought certain information about Ms. Hammer's devices so that an appropriate vendor could make a copy of those devices and provided a protocol for doing so. *See* Ex. 3 (Wilkinson-Cook emails, p. 5-6). To date Ms. Hammer has not provided the requested information or made her devices available for copying. *See id.*[1]

7.      Ms. Hammer also alleged in her complaint that the termination of the 2018 Contracting Agreement, left "her with only social security as income." Dkt. No. 1, ¶ 49.

8.      To test that assertion and to determine whether Ms. Hammer had the means to satisfy any judgment entered against her on its counterclaims,[2] the NRA issued three interrogatories on that topic and received the following responses:

> **Int. 2** - Please describe all income, benefits, compensation or other monies you have received from any source since January 1, 2016, including, but not limited to any employment, self-employment, compensation for services performed as a contractor, unemployment benefits, pensions, disability payments, social security, and government assistance programs, including the amount of income, benefits, compensation or other monies received, the date(s) upon which you received such income, benefits, compensation

---

[1] Ms. Hammer's Virginia counsel has informed the undersigned that Ms. Hammer's physical and mental health has been deteriorating over the last several weeks, making it difficult to communicate with her.

[2] The NRA countersued Ms. Hammer to recover the payments made to her under the 2018 Contracting Agreement because she failed to provide services commensurate with the payments, and frequently referred to that agreement as her "retirement" contract because she was unable to participate in the NRA's retirement plan.

or other monies, and the person or entity from whom you received such income, benefits, compensation or other monies.

Objection – Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent that it seeking (sic) information that is not likely to lead to the discovery of admissible evidence.

Answer – Money from the NRA and the United Sportsmen of Florida. Social Security. Object to providing any other.

**Int. 10** - Please identify all bank accounts, brokerage accounts, trusts, or investment accounts you have owned since January 1, 2018, or of which you are, or were a beneficiary. Your response must include the name and address of the entity managing each account and the account number.

Objection – Plaintiff objects to this Interrogatory on the grounds that is is overly broad. Plaintiff further objects as it calls for private information that is not likely to lead to the discovery of admissible evidence.

Answer – I stand on my objections.

**Int. 11** – Please describe all real estate in which you have any ownership interest, or is held by any other person or entity for your benefit. Your response must include the address of the real estate, what your ownership interest is, and who else has any ownership interest in the same real estate.

Objection – Plaintiff objects to this Interrogatory on the grounds that is is overly broad. Plaintiff further objects as it calls for private information not likely to lead to the discovery of admissible evidence.

Answer – I own my own home in Leon County, Florida.

Ex. 4 (Excerpts from M. Hammer Interrogatory Answers).

9. As noted above, Ms. Hammer's merely stating an objection without an explanation fails to satisfy her burden of showing with specificity why a request is objectionable. Thus, these stated objections are ineffective. *See also Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 247 (M.D.N.C. 2010) ("By failing to present valid objections to these discovery requests, Plaintiffs waived any legitimate objections they may have had.")(cleaned up); *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005) ("Rule 33(b)(4), which pertains to interrogatories, requires that all grounds for

objections to interrogatories must be stated with specificity and that any ground not so stated in a timely objection is waived unless excused by the Court for good cause. There is no similar provision in Rule 34, which addresses requests for production of documents and things. If one looks at the commentary to Rule 34, however, it is clear that the procedures under Rule 34 were intended to be governed by the same procedures applied under Rule 33.").

10.    Each of the above interrogatories seeks discoverable information, which Ms. Hammer has not yet provided. This withholding of information seems intentional. While Ms. Hammer responded to Int. 11 by stating she owns her own home in Leon County, Florida, that response does not provide the information requested, nor is it complete. A search of the land records in Leon County, Florida reveals that while Ms. Hammer's main house in Leon County (1507 Avondale Way) is owned by a revocable trust with Ms. Hammer as the trustee and subject to a mortgage, she also has an ownership interest in two other properties in Tallahassee, Florida, which she did not disclose. *See* Ex. 5 (Leon County Property Records).

11.    While the NRA's counsel and Ms. Hammer's counsel have had several email and telephone conversations about these issues, it appears that neither Ms. Hammer nor her Florida counsel have made all the requested information available to her Virginia counsel for production. The NRA believes that a Court Order will be necessary to get Ms. Hammer to fully respond to these discovery requests before Ms. Hammer's deposition, which has been noticed for June 4, 2026.

WHEREFORE, Defendant respectfully requests that the Court Order Ms. Hammer to submit her electronic devices for inspection and copying, and Order her to fully respond to Interrogatories 2, 10, and 11, no later than May 29, 2026.

5

## Local Civil Rule 37(E) Certification

In accordance with Local Civil Rule 37(E), the undersigned counsel certifies that the parties counsel met and conferred by telephone on May 15, 2026, and exchanged emails between April 21, 2026 and May 15, 2026 on these issues. While Ms. Hammer's Virginia counsel has been cooperative, the current discovery deadline is June 12, 2026 and the NRA files this Motion to ensure it will receive and be able to use the requested discovery before the discovery period ends.

Respectfully Submitted,

**JACKSON LEWIS P.C.**

Dated: May 15, 2026      By:    /s/ *Nigel L. Wilkinson*
Nigel L. Wilkinson (VSB No. 46500)
Jeremy S. Schneider (VSB No. 84419)
11790 Sunrise Valley Drive, Suite 400
Reston, Virginia 20191
(703) 483-8300 (Tele.)
(703) 483-8301 (Fax)
Jeremy.Schneider@jacksonlewis.com
Nigel.Wilkinson@jacksonlewis.com

*Counsel for Defendant The National Rifle Association of America*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2026, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF electronic filing system, which will send a notification

of such filing to the following counsel of record:

John C. Cook, Esq. (VSB No. 38310)
Cook Legal Solutions
3975 University Drive, Suite 360
Fairfax, Virginia 22030
(703) 537-0023 (Tele.)
(571) 520-9836 (Fax)
jcook@cooklegalsolutions.com

Richard Earl Coates
Coates Law Firm, PL
115 East Park Avenue, Unit 1
Tallahassee, Fl 32301
(850) 681-1029 (Tele.)
rcoates@rcoateslaw.com

*Counsel for Plaintiff Marion P. Hammer*


/s/ *Nigel L. Wilkinson*
Nigel L. Wilkinson (VSB No. 46500)
JACKSON LEWIS P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, Virginia 20191
(703) 483-8300 (Tele.)
(703) 483-8301 (Fax)
Nigel.Wilkinson@jacksonlewis.com

*Counsel for Defendant The National Rifle
Association of America*

7